IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| ex rel. GIOVANNI WEEMS, | ) | |
| | ) | No. 13 C 7274 |
| Petitioner, | ) | |
| | ) | Judge Ronald A. Guzmán |
| v. | ) | |
| | ) | |
| TARRY WILLIAMS, | ) | |
| | ) | |
| Respondent.[1] | ) | |

## MEMORANDUM OPINION AND ORDER

Giovanni Weems was convicted in state court of, among other things, first degree murder, and sentenced to natural life in prison. He has filed a petition pursuant to 28 U.S.C. § 2254 to vacate his conviction. For the reasons set forth below, the Court denies the petition.

## Background

At 5:00 a.m. on September 29, 2001, Dawn Bramwell was beaten to death with a claw hammer. (Gov't Ex. A, *People v. Weems*, No. 1-06-1882, at 2 (Ill. App. Ct. July 13, 2009).) Her body was discovered by emergency personnel responding to a report of fire at her home. (*Id.*) Dawn's five children were rescued from the burning house. (*Id.*) Shortly after, the police discovered that Dawn had an order of protection against Weems, and that he had been released from jail the previous day after serving a sentence for domestic battery. (*Id.*)

---

[1] Mr. Williams is the Warden of Stateville Correctional Center, where petitioner is incarcerated. Thus, the Court *sua sponte* substitutes him for Michael Lemke as the respondent. *See* Rules Governing § 2254 Cases, Rule 2a (stating that a § 2254 petition "must name as respondent the state officer who has custody [of the petitioner]").

At 11:00 a.m., the police brought Weems to the station to interview him as a person of interest in Dawn's murder. (*Id.*) On October 1, and 2, 2001, Weems confessed, first orally and later on videotape, to killing Dawn and setting fire to her house. (*Id.*)

Before trial, Weems moved to quash his arrest on the grounds that it was effected without a warrant, probable cause or a timely probable cause hearing, and to suppress the statements he made to the police as being given under coercion and without *Miranda* warnings. (*See* generally Gov't Ex. O, Common Law Record, Am. Mot. Suppress Statements at C73-76; *id.*, Am. Mot. Quash Arrest & Suppress Evidence at C77-79.) After a lengthy hearing, the court granted the motion to quash, but denied the motion to suppress, deeming incredible plaintiff's allegations of physical abuse and lack of *Miranda* warnings. (Gov't Ex. R, 9/17/04 Hr'g Tr. at II-23-24, *People v. Weems*, No. 01 CR 26145 (Cir. Ct. Cook Cnty.); *id.*, 3/8/05 Hr'g Tr. at QQ-11.) The court also found that the Weems' confessions were prompted by incriminating evidence discovered while he was in custody, not by the detention itself. (*Id.*, 3/8/05 Hr'g Tr. at QQ-15-17.) Thus, the court granted the government's motion for attenuation, and refused to suppress the confessions as products of illegal detention. (*Id.*)

In 2005, plaintiff was tried by a jury, which found him guilty of Dawn Bramwell's murder, the attempted murder of her children, aggravated arson, and home invasion. (Gov't Ex. O, Common Law Record, Verdicts at C130-37.) The court sentenced Weems to natural life in prison for murder and to lesser terms for the other offenses. (Gov't Ex. P, Common Law Record, Order of Commitment & Sentence at C280.)

As relevant here, Weems argued on appeal that his statements to the police were involuntary, and there was insufficient evidence to support the attempted murder verdicts. (Gov't Ex. B, Br. &

2

Arg. Def.-Appellant at 2.) The appellate court affirmed his convictions. (Gov't Ex. A, *People v. Weems*, No. 1-06-1882 at 25 (Ill App. Ct. July 13, 2009).)

Weems filed a petition for leave to appeal to the supreme court, arguing only that his statements were involuntary. (Gov't Ex. E, Pet. Leave Appeal at 1-3.) The supreme court denied the petition. (Gov't Ex. F, *People v. Weems*, No. 108952 (Ill. Nov. 25, 2009).)

Subsequently, Weems filed a petition for post-conviction relief, in which he argued that: (1) his trial counsel was ineffective because she did not: (a) "competently argu[e] the merits of the amended motion to suppress"; (b) call Ellen Lee, who gave evidence incriminating Weems to the police while he was in custody, as a witness during the suppression hearing; (c) object to the government's use of Ellen Lee's perjured testimony; (d) file a pretrial motion for impeaching information; (e) subpoena the police officers' disciplinary files; and (f) object when the government introduced Weems' involuntary statements at trial; (2) his appellate counsel was ineffective for failing to argue on appeal: (a) the issues set forth in his motion for a new trial; (b) that his statements to the police were involuntary; and (c) that the government knowingly used Ellen Lee's perjured testimony; and (3) the trial court's attenuation decision was wrong. (Gov.'t Ex. G, Post-Conviction Common Law Record, Post-Conviction Pet. at C00028-37.) The trial court denied his petition as "frivolous and patently without merit." (*Id.*, Order Denying Post-Conviction Pet. at C00047, *People v. Weems*, No. 01 CR 26145 (Cir. Ct. Cook Cnty. Nov. 17, 2010).)

Weems appealed the denial of his post-conviction petition, but argued only that the prosecutorial misconduct claim merited review. (Gov't Ex. H, Br. Arg. Def.-Appellant at 2.) The appellate court affirmed the trial court's decision, and the supreme court denied Weem's petition for

3

leave to appeal. (Gov't Ex. K, *People v. Weems*, No. 1-11-0176, 2102 WL 6955435, at *7 (Ill App. Ct. Nov. 16, 2012; Gov't Ex. N, *People v. Weems*, No. 115665 (Ill. May 29, 2013).)

**Discussion**

In his § 2254 petition, Weems argues that: (1) his trial counsel was ineffective because she did not: (a) effectively argue the suppression motion after the court granted the motion to quash, (b) call Ellen Lee as a witness for the suppression and attenuation hearing, (c) move to suppress or object to the admission into evidence of his CTA bus pass, and (d) request forensic testing of evidence; (2) he was deprived of a fair trial by the government's (a) knowing use of Ellen Lee's perjured testimony, and (b) improper argument to the jury; and (3) the court violated his Fourth Amendment rights by admitting his statements into evidence because (a) he did not voluntarily give them, and (b) they were tainted by his illegal detention. However, Weems did not raise claims 1(c), 1(d), 2(b), or 3(b) at every stage of the state court proceedings. Thus, they are procedurally defaulted. *See Pole v. Randolph*, 570 F.3d 922, 934 (7th Cir. 2009) (stating that a court can reach the merits of § 2254 claims only if petitioner raised them "through one complete round of state-court review, either on direct appeal or in post-conviction proceedings"); *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004) (stating that a complete round of state court review "means that the petitioner must raise each issue at every level in the state court system, including levels at which review is discretionary rather than mandatory.").

The Court can nonetheless address the merits of these claims if Weems shows cause for and prejudice from having failed to raise them in state court, or that he is actually innocent, *i.e.*, "that no

4

reasonable juror would have found him guilty of [murder] but for the error(s) he attributes to the state court." *Lewis*, 390 F.3d at 1026. Because Weems has done neither, the Court cannot review claims 1(c), 1(d), 2(b), or 3(b).

Weems is entitled to § 2254 relief on his remaining claims only if the state court's ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). In this proceeding, the state court's findings of facts are "presumed to be correct," and Weems can only rebut that presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

To prevail on his claim that trial counsel incompetently argued the motion to suppress, Weems must prove both that his "counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Strickland v Washington*, 466 U.S. 668, 687 (1984); *see Milone v. Camp*, 22 F.3d 693, 703 (7th Cir. 1994) ("The Court need not address both *Strickland* prongs if it is clear that [defendant] cannot satisfy one of them"). The state court correctly identified *Strickland* as the governing legal standard (*see* Gov't Ex. G, Post-Conviction Common Law Record, *People v. Weems*, No. 01 CR 261454 at C00043-44 (Cir. Ct. Cook Cnty. Nov. 17, 2010), and reasonably applied it to the facts of Weem's case:

> [Weems] attempts to allege that trial counsel should have argued the 48 hour rule in his motion to suppress statements; however . . . . , the appellate court ruled that the length of petitioner's detention, 83 hours prior to a probable cause hearing, was not unreasonable under the circumstances and was protracted in part by delays occasioned by [Weems] himself . . . . Thus, [Weems'] reliance on defense counsel['s] argument is frivolous. Petitioner has failed to show that defense counsel's performance was deficient or that he suffered prejudice as a result. . . .

5

(*Id.* at C00044-45.) Because the state court's adjudication of this claim was not contrary to established federal law or an unreasonable application of that law to Weems' case, it does not merit habeas relief.

Weems fares no better with his due process claim based on the government's alleged use of Ellen Lee's perjured testimony. The state court rejected this claim because Weems "failed to provide any supporting documentation, [or] . . . an affidavit from Lee" to support it. (*Id.* at C00045); *see Shasteen v. Saver*, 252 F.3d 929, 933 (7th Cir. 2001) (stating that defendant must prove that "(1) the prosecution's case included perjured testimony; (2) the prosecution knew or should have known of the perjury; and (3) there is a reasonable likelihood that the false testimony could have affected the judgment of the jury[,]" to prevail on a perjury-based due process claim). Because Weems offers no evidence to rebut the state court's presumptively correct factual finding that this claim was unsupported, *see* 28 U.S.C. § 2254(e)(1), it is not a basis for granting habeas relief.

Weems' last claim is that the state court violated the Fourth Amendment by admitting into evidence his involuntary statements to the police. "Whether a confession was voluntary depends on the totality of the circumstances surrounding that confession, including 'both the characteristics of the accused and the details of the interrogation' that resulted in the confession." *Gilbert v. Merchant*, 488 F.3d 780, 791 (7th Cir. 2007) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973)). Among the factors courts consider to determine voluntariness are the defendant's age, education and intelligence, the length of the detention, whether defendant was advised of his *Miranda* rights and whether he was subjected to physical punishment during questioning. *Schneckloth*, 412 U.S. at 226. Though the voluntariness of a confession is an issue of law, the factors underlying that determination

are issues of fact to which § 2254(e)(1)'s presumption of correctness applies. *Miller v. Fenton*, 474 U.S. 104, 110-17 (1985).

Though it cited Illinois cases, the state court identified the proper federal standard for determining the voluntariness of a confession (*see* Gov't Ex. A., *People v. Weems*, No. 1-06-1882, at 14 (Ill. App. Ct. July 13, 2009), and then said:

> . . . [D]efendant was a 25-year-old high school graduate when arrested. He had . . . been released from jail only the day before Dawn Bramwell's murder after serving 30 days for domestic battery committed against Dawn, and . . . had several previous arrests for battery or domestic battery. There is no indication defendant suffered from any mental impairment or limited intelligence, or that the periods of interrogation to which he was subjected during his detention were prolonged.
>
> . . . .
>
> The length of defendant's detention was not unreasonable under the circumstances and was protracted in part by delays occasioned by defendant himself. He gave the detectives the names of [two people] he claimed could substantiate an alibi for him, and detectives spent part of September 29 and September 30 trying to locate [those people]. . . .
>
> Defendant's detention was also prolonged by his change of mind about giving a buccal sample and taking a polygraph test, by the time needed for the CTA to report on the data stored in defendant's CTA pass, . . . by the investigation of the site where Ellen Lee found items belonging to Dawn[, and by] [d]efendant's [decision to give] . . . a videotaped statement. . . .
>
> . . . . [Further,] the [trial] court made factual findings that the officers were credible and defendant was not [concerning his allegations of mistreatment by the police], that defendant was not physically abused, that he was advised of his <u>Miranda</u> rights, and that he did not ask for an attorney. . . . Because the trial court was in a superior position to observe the demeanor of the witnesses on the motion to suppress, resolve conflicts in the testimony, and weigh credibility, we defer to those conclusions. . . .

(*Id.* at 15-17.) Weems offers no evidence to rebut the trial court's findings of fact, and the appellate court's application of *Schneckloth* to those facts is entirely reasonable. Thus, there is no basis for habeas relief on this claim.

7

**Conclusion**

For the reasons set forth above, the Court denies Weems' § 2254 motion. Moreover, because he has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). This case is terminated.

**SO ORDERED.**                                              ENTERED: October 21, 2014

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**